### BUEL v. LAKE.

The refusal of the court to strike from an answer in chancery, the affidavit of respondent, or to strike from such an answer redundant matter, is not a subject upon which to assign error.

*Appeal from the Clinton District Court.*

MONDAY, JUNE 13.

A BILL to enjoin proceedings in an action of right, and to quiet the title to the real estate. Decree for the complainant, and respondent appeals. The questions decided sufficiently appear in the opinion of the court.

*James Grant*, for the appellant.

WOODWARD, J.—The first two errors assigned, can be disposed of before approaching the principal question.

The first is, that the court erred in refusing to strike out the affidavit of the respondent to his answer, which was moved, for the reason that the affiant averred the truth of the whole matter according to his belief only, and not absolutely, and did not distinguish between that which he stated upon his own knowledge, and that upon information and belief, for which cause the affidavit was not sufficient, either upon the rules of equity, or under the forty-second rule of the court. The motion was also placed upon the further ground, that the petitioner had waived an answer under oath.

As desirable as it may be, to have a determination of the questions arising under those provisions of chapter 104 of the Code, which relate to calling for an oath to the pleadings, we should not be justified in extending this opinion by the consideration of that question, since it is clear that the affidavit is insufficient upon the other two grounds. Besides this, it is not a subject for the assignment of error, as the matter arises in a suit in equity, and is to be disposed of in a different manner. The effect would be substantially the same, saving that though the action of the court below should be held erroneous, it would not necessarily cause a reversal of the decree. We are constrained to regard the answer as one not verified by affidavit. The counsel concedes this view, and says it was so treated by the court below.

The second error alleged, is in the refusal to strike from the answer certain matter as redundant. This, too, is not a subject upon which to assign error. It was within the discretion of the court, and though the decision may have been erroneous, it does not possess sufficient materiality to merit discussion.